We granted certiorari in this case to determine whether the Court of Criminal Appeals, 475 So.2d 589, erred in affirming the term given the defendant, Jack Wesley Tice, on resentencing. We find that it did, and reverse its judgment.
Briefly, the facts of this case are as follows.
Jack Wesley Tice was indicted for illegal possession of three different controlled substances. He was convicted and sentenced to serve three consecutive ten-year terms of imprisonment, one term for each particular possession.
The defendant filed a petition for writ of habeas corpus with the Elmore County Circuit Court. He argued that his sentence was improper, citing as authority Vogel v. State, 426 So.2d 863
(Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982). The court in Vogel held that multiple sentences cannot be based on possession of several types of controlled substances, where the possession occurs at the same time and in the same place. The Circuit Court of Elmore County granted the petition, and the case was removed to the Circuit Court of Montgomery County for proper sentencing. Tice was then sentenced to a term of fifteen years' imprisonment. The Court of Criminal Appeals affirmed. He subsequently filed this petition for writ of certiorari, which challenges the propriety of the new sentence.
The issue of whether a court may impose a harsher sentence on a prisoner who has successfully challenged his original sentence is discussed in Rice v. Simpson, 274 F. Supp. 116
(M.D.Ala. 1967):
 In Alabama, there can be no increase in a sentence in a criminal case after the sentence is imposed. This is a protection that is given to all convicted criminals in this state. To deny such protection to convicted criminals who elect to exercise their post-conviction remedies and who do so successfully is unfair discrimination and does nothing except serve to limit the use of post-conviction proceedings in the Alabama state courts by prisoners. It denies the prisoner the protection of his original sentence as a condition to the right of appealing his conviction, or exercising his post-conviction remedies.
274 F. Supp. at 122, affirmed, Simpson v. Rice, 396 F.2d 499
(5th Cir. 1968). See also North Carolina v. Pearce,395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Once a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence. *Page 592 Brown v. State, 376 So.2d 1382 (Ala.Cr.App. 1979).
In the instant case, Tice was sentenced to ten years' imprisonment for each possession. According to Vogel v. State,supra, only one sentence was legally permissible. Therefore, after eliminating the duplicative sentences, the maximum sentence Tice could receive was ten years. The trial court was bound at the resentencing hearing to its initial determination that ten years' imprisonment was the appropriate punishment for the crime. To hold otherwise, and allow a harsher sentence to be imposed against Tice without some justification in the record for the increase, would be a violation of the petitioner's rights under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States. Ricev. Simpson, supra. It would force a prisoner to choose between accepting the original oppressive sentence, and risking a stricter sentence by challenging the propriety of the original sentence. The petitioner must not be required to make such a choice.
In accordance with the foregoing, the decision of the Court of Criminal Appeals is reversed and the cause remanded to that court for an order remanding the case to the circuit court for a resentencing consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent.