Mose Abram was convicted of arson in the first degree. On September 15, 1988, the trial judge sentenced him, upon the State's recommendation, to a five-year split sentence, with six months to be served in the county jail, and four years on probation. One of the conditions of probation was that the defendant "successfully complete a course of drug treatment at Bryce Hospital." The trial court then suspended the six months' term of imprisonment for time served, and released the defendant from custody, ordering him to return for review after he had "completed the course of treatment." The defendant apparently remained at liberty until March 3, 1989. On that date he was resentenced, pursuant to an oral motion by the State, to 25 years' imprisonment and a fine of $2000. He raises three issues on appeal.
 I
The State's evidence tended to show that the defendant entered the home of his estranged wife, turned all four stove burners on "high," placed a can of grease on one of the burners, and thereby caused fire damage to her kitchen. On cross-examination of the victim-wife at trial, defense counsel asked the following questions:
 "Q. Mrs. Abram, did you within the past week come to my office and tell me that you didn't want Mose prosecuted?
"A. Yes.
 "Q. And you signed a statement to that effect, didn't you?
"A. Yes, I did.
 "Q. And you also told the State you didn't want him prosecuted, didn't you?
"A. Yes."
On redirect, the victim's written statement was admitted over defense counsel's objection and the following testimony was elicited from the victim:
 "Q. Mrs. Abram, on what condition did you want to drop those charges?
 "A. That he goes into a drug rehabilitation center and gets rehabilitation.
". . . . *Page 988 
 "Q. Did he have a drug problem at that time [the time of the fire]?
"A. Yes.
The foregoing testimony and the written statement which embodied it were admissible. Because part of the victim-wife's statement was first presented by the defense, the State had the right to "prove the whole of what was said at the same time and relating to the same subject matter, in order that its true meaning and import might be fully comprehended." C. Gamble,McElroy's Alabama Evidence § 316.01 at 705 n. 2 (3d ed. 1977) (citing Troy Fertilizer Co. v. Logan,90 Ala. 325, 8 So. 46 (1890)). See also Loyd v. State, [Ms. 4 Div. 246, April 12, 1990] (Ala.Cr.App. 1990); Ringerv. State, 489 So.2d 646, 652 (Ala.Cr.App. 1986);Brooks v. State, 418 So.2d 195, 197 (Ala.Cr.App. 1982).
 II
The defendant claims that the court erred in resentencing him to 25 years imprisonment after he had previously been given a 5-year split sentence.
"The term 'sentence,' of course, assumes a valid statutorily-imposed punishment." Johnson v. State,421 So.2d 1306, 1314 (Ala.Cr.App. 1982). "Arson in the first degree is a Class A felony." Ala. Code 1975, § 13A-7-41(b). The permissible range of punishment for a Class A felony is "for life or not more than 99 years or less than 10 years." Ala. Code 1975, § 13A-5-6(a)(1). The defendant's first 5-year sentence was, therefore, invalid. As this court observed inJohnson v. State, supra:
 "Appellant's first sentence, which was not in accord with the mandatory provisions of the Habitual Felony Offender Act, was invalid. The trial court had not only the power but the duty to sentence appellant as required by law. See Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); Thompson v. United States, 495 F.2d 1304 (1st Cir. 1974); Garcia v. United States, 492 F.2d 395 (10th Cir. 1974); Caille v. United States, 487 F.2d 614
(5th Cir. 1973). As the Court of Appeals for the First Circuit observed in Thompson v. United States:
 " 'The full import of Bozza [v. United States] is that a trial court not only can alter a statutorily-invalid sentence in a way which might increase its severity, but must do so when the statute so provides.' 495 F.2d at 1306 [emphasis in original]."
Johnson v. State, 421 So.2d at 1314.
 III
The defendant also argues that the second sentencing was, in effect, a revocation of probation which did not comply with the due process requirements of Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), andArmstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). Because the entire first sentence, including the probationary portion, was statutorily invalid, however, the defendant had no protectible interest in remaining at liberty thereunder.
The judgment of the circuit court is affirmed.
AFFIRMED
All Judges concur.