Ricky Wood, the appellant, was convicted of the unlawful possession of marijuana and the unlawful possession of phencyclidine. *Page 1196 
He raises six issues on this appeal from those convictions.
 I.
In his first two issues, the appellant alleges that his sentence is illegal. On authority of Ex parte Madden,602 So.2d 1192 (Ala. 1991), we reject the argument of the Attorney General that this Court is precluded from reviewing the sentencing issues because they were not properly preserved for appellate review.
After his conviction in April 1980, the appellant disappeared before sentencing. Ten years later, the State obtained custody of the appellant.
On September 11, 1990, the appellant was sentenced to two concurrent terms of eight years' imprisonment. That sentence was "split," and the appellant was ordered to serve three years' imprisonment and five years on supervised probation. The appellant was ordered "to receive the maximum drug and alcohol rehabilitation available at Bryce Hospital and [to return] to the Court for review upon completion of said treatment." Clerk's Record at 3.
On September 25, 1990, the appellant was resentenced after the trial court concluded that the "split sentence act" was not in effect at the time the appellant was convicted. The trial court then imposed one sentence of ten years' imprisonment. The trial court denied the appellant's motion to reconsider the second sentence.
"A defendant's sentence is determined by the law in effect at the time of the commission of the offense." Davis v.State, 571 So.2d 1287, 1289 (Ala.Cr.App. 1990). The appellant's offense was committed on April 7, 1979. The "split sentence law" in effect at that time was Act No. 754, 1976 Ala. Acts 1038 (August 26, 1976), codified at Ala. Code 1975, §15-18-8. That law provided:
 "(a) When a defendant is convicted of an offense and receives a sentence of 10 years or less . . . [the judge] may order that the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding one year and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms as the court deems best." (Emphasis added.)
Consequently, in September 1990, the trial court had no authority to suspend or "split" the appellant's sentence of eight years' imprisonment and order the appellant to serve three
years' imprisonment. Although such action was authorized by the split sentence act in existence at the time of the appellant's sentencing, it was not authorized for offenses committed before April 7, 1988. See 1988 Ala. Acts 261, No. 88-163 (April 7, 1988), as codified in Ala. Code 1975, § 15-18-8
(Supp. 1991).
"Once a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence." Exparte Tice, 475 So.2d 590, 591-92 (Ala. 1984). "The term 'sentence,' of course, assumes a valid statutorily-imposed punishment." Johnson v.State, 421 So.2d 1306, 1314 (Ala.Cr.App. 1982). A trial court has "not only the power but the duty to sentence [a defendant] as required by law."Abram v. State, 574 So.2d 986, 988
(Ala.Cr.App. 1990) (quoting Johnson v.State, 421 So.2d at 1314). Although the manner in which the trial court "split" the appellant's original sentence was improper, the sentence itself was valid. Therefore, the trial court did not have the power to increase the appellant's sentence from eight to ten years' imprisonment.
The appellant's original sentence of eight years' imprisonment was valid and was not infirm. The error in sentencing only concerned the manner in which the trial court suspended the sentence. That court had ordered an improper execution of a valid sentence. See Ex parte Tice, supra;Thomas v. State, 552 So.2d 875, 876
(Ala.Cr.App. 1989), affirmed, 552 So.2d 878 (Ala. 1989).[1] Therefore, this cause is remanded *Page 1197 
with directions that the appellant's original sentence of eight years' imprisonment be restored and that his sentence to ten years' imprisonment be vacated. An order from the circuit court showing compliance with these directions shall be forwarded to this court within 30 days from the date of this opinion.
 II.
The appellant contends that his convictions of possession of marijuana and phencyclidine violate the holding of Vogel v. State,426 So.2d 863, 882 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882
(Ala. 1982), cert. denied, 462 U.S. 1107,103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983). That case held that "where, as here, there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only onesentence is authorized." Vogel,426 So.2d at 882 (emphasis added). InVogel, this Court affirmed bothconvictions but remanded to the trial court for the imposition of a single sentence.
"Counsel for the Appellant concedes that Appellant only received one punishment for the two convictions." Appellant's brief at 16. A defendant's sentence does not raise any double jeopardy issues where the defendant was convicted of the possession of several controlled substances but only one sentence was imposed. Smith v. State,457 So.2d 997, 999 (Ala.Cr.App. 1984).
 III.
The appellant contends that the trial court improperly restricted defense counsel's cross-examination of police officer Michael Boan.
Over the prosecutor's objection, on cross-examination, defense counsel deliberately elicited Officer Boan's testimony that, before the search warrant was executed, two "supervised controlled buys" had been made from the appellant, who was known as either Randy Hall or Ricky Wood. R. 34-35. Defense counsel also elicited the officer's testimony that his "informant told [him] that Randy Hall and Ricky Wood were the same people, same person." R. 35. Defense counsel established that the appellant's name, Randy Wood, was on neither the affidavit nor the search warrant. However, the trial court sustained the prosecutor's objection and refused to allow defense counsel to inquire into why the officer had not made a case on the two prior controlled drug purchases made by the officer's informant inside the same residence in which the appellant was arrested and the drugs were discovered. The trial court found that matter "irrelevant," but stated to defense counsel, "If you can show it is relevant in some sort of way, I'll let it in later; but at this point I don't see the relevance." R. 49. Defense counsel responded, "I respectfully except for the record." R. 50.
On appeal, the appellant argues that his question was relevant:
 "The defendant maintained, and the defense theory was, that [t]he Montgomery police lied about the facts of the defendant's arrest. The fact that the police always prosecute drug sale offenses was relevant in the instant case because it tended to show that the police knew Randy Hall and Ricky Wood were not the same person after Officer Boan *Page 1198 
had testified that Randy Hall and Ricky Wood were the same person. It tended to show that Officer Boan lied and the court abused its discretion when it sustained the State's objection to the testimony."
Appellant's brief at 19. This particular argument was never presented to the trial court. Defense counsel never took advantage of the trial court's offer and explained the relevance of the evidence. Consequently, this issue is not preserved for review. See Lamar v. State,578 So.2d 1382, 138990 (Ala.Cr.App. 1991). Furthermore, the appellant has shown no abuse of discretion by the trial court in the exclusion of this testimony. Even if we assume that Randy Hall and the appellant are not the same person, the alleged fact that the police did not arrest either individual for a prior drug sale does not logically tend to show that the appellant and Randy Hall were different people. See C. Gamble,McElroy's Alabama Evidence § 21.01(1) and (6) (4th ed. 1991).
 IV.
The appellant concedes that the evidence presented by the State is sufficient to sustain his conviction. Appellant's brief at 20.
 V.
The court reporter's notes of the suppression hearing held on October 7, 1979, have been lost. Nevertheless, this case is not due to be remanded for a second suppression hearing or a new trial. The consequences for the loss of this record must be suffered by the appellant. His decision not to show up for sentencing delayed his appeal by ten years. This is tantamount to "invited error."
This cause is remanded for proper sentencing as directed in Part I of this opinion.
REMANDED WITH DIRECTIONS.
PATTERSON, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., recuses himself.
[1] In Thomas v. State, 552 So.2d 875, 876
(Ala.Cr.App.), affirmed, 552 So.2d 878 (Ala. 1989), this Court held that an inmate sentenced to 15 years' imprisonment was not entitled to incentive good time under the Correctional Incentive Time Act even though his sentence was "split" with three years to be served in the penitentiary and five years on probation.
 "The legal punishment the petitioner received in this case was 15 years' imprisonment in the penitentiary. The fact that the trial judge split the petitioner's sentence and ordered him to be confined for only 3 years with the execution of the 12 years remaining on his sentence suspended does not change his sentence to one of only 3 years' imprisonment. The petitioner still received
a sentence of 15 years' imprisonment in the penitentiary despite the fact that the execution of 12 years of that sentence has been conditionally suspended.
 ". . . The fact that some sentences 'to imprisonment' may be suspended or probated relates only to the terms of their execution and not to their basic definitional nature as sentences to imprisonment in the penitentiary."
Thomas v. State, 552 So.2d at 876.