I dissent from the majority's holding that the trial court had no authority to resentence the appellant to a reduced term of two years before that term was further enhanced by two additional five-year penalties under §§ 13A-12-250 and13A-12-270.
The trial court's resentencing did not violate the holding ofLynch v. State, 587 So.2d 306 (Ala. 1991). The court complied with our directions on remand by resentencing the appellant to an additional five-year enhanced penalty for the sale of a controlled substance within three miles of a housing project. The court simply reconsidered and reduced the base sentence from seven years to two years. That reconsideration and reduction was permissible.
A trial court has the authority to reconsider and toreduce a defendant's sentence upon motion timely made. "For the most part, the applicable statutes and rules of court explicitly state or have been construed to mean that the trial judge may reduce the sentence but may not increase the sentence he previously imposed." 3 W. LaFave J. Israel, CriminalProcedure § 25.2(e) at 132-33 (1984). On the other hand, "[o]nce a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence." Ex parte Tice, 475 So.2d 590, 591-92 (Ala. 1984) (emphasis added). See also Wood v. State, 602 So.2d 1195
(Ala.Cr.App. 1992). See generally Rice v. Simpson, 274 F. Supp. 116 *Page 147 
(M.D.Ala. 1967), affirmed, 396 F.2d 499 (5th Cir. 1968), affirmed, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).