723 So.2d 105 (1998)
Jerick Michael SNELL
v.
STATE.
CR-96-2322.
Court of Criminal Appeals of Alabama.
May 8, 1998.
Opinion On Return to Remand September 11, 1998.
*106 Eugene Doyle, Dothan, for appellant.
Bill Pryor, atty. gen., and Sandra J. Stewart, asst. atty. gen., for appellee.
PATTERSON, Retired Appellate Judge.
The appellant, Jerick Michael Snell, was convicted of the unlawful possession of a controlled substance, cocaine, a violation of Ala.Code 1975, § 13A-12-212, and was sentenced on June 26, 1997, to 20 years' imprisonment as a habitual offender with three prior felony convictions, was fined $5,000, and was ordered to pay $100 to the victims compensation fund and to pay costs of court. The appellant admitted in open court that he had three prior felony convictions and that he had been represented by counsel in each case. Immediately after sentencing and while the court was in recess, the trial judge passed the appellant in the hallway outside the courtroom where the appellant was being held in a holding area preliminary to being transported back to jail. The appellant said to the judge, "Judge, you can suck my dick." The trial judge immediately reconvened court, had the appellant brought before him, and had him bound and his mouth taped with duct tape. The appellant's trial counsel had left the courthouse and could not be located. The trial judge appointed an attorney who happened to be in the courtroom to represent the appellant; he briefed the newly appointed counsel on what had transpired and, on motion of the state, vacated the original sentence and resentenced the appellant to life imprisonment and fined him $20,000. The state's motion was as follows: "We would ask that the court vacate the sentence imposed, and reconsider the sentence in light of the comments he made to the court immediately after the lunch break." Newly appointed counsel objected to the granting of the state's motion and to the sentencing proceedings, and suggested to the trial judge that a contempt proceeding would be the appropriate remedy under the circumstances. In resentencing the appellant, the trial judge stated, in part:
"In light of the comments to the court, when I walked out of here, by Mr. Snell, I will say this for the record, I had given Mr. Snell a break on his sentence ... but what counts in this court is attitude. I will grant the state's motion, and we will resentence Mr. Snell at this time.
"....
"... [A]nd for that particular reason (the comment made by the appellant in the hallway of the courthouse), which I haven't heard that phrase in a long time in this court, that was the attitude I was speaking of when I gave the sentence of life imprisonment."
Subsequently, the appellant timely filed motions for a new trial, for disqualification and recusal of the trial judge, and for reconsideration of the sentence. He withdrew the motion for reconsideration of the sentence, and a hearing was held on the other motions. Upon conclusion of the hearings, the trial judge did not rule immediately, but took the motions under advisement. On September 19, 1997, the trial judge entered an order purporting to grant the appellant a new trial; however, the trial judge had no jurisdiction *107 to enter such an order because the motion for a new trial had already been denied by operation of law pursuant to Ala.R.Crim.P. 24.4, and thus, the order was void and without legal consequence. On October 3, 1997, the trial judge entered an order granting the appellant's motion for disqualification, thereby recusing himself from the case.
The appellant raises two issues on appeal, neither of which question the sufficiency of the evidence to support his conviction. While we are not required to review the sufficiency of the evidence on this appeal, we nevertheless have done so, and find the evidence of the appellant's guilt of the crime charged to be strong and convincing.

I.
The appellant contends that the trial court erred in denying his motions to substitute trial counsel. He was represented by appointed counsel and, twice during the trial of the case, his counsel moved the trial court to allow him to withdraw from representing the appellant and to appoint new counsel. When the first motion was made, the appellant gave as his reasons for wanting new counsel that he did not believe his counsel would represent him to the best of his abilities and that he and his counsel were not "getting along." When the second motion was made, counsel stated, "He feels that I am not representing him to the best of my ability or sufficiently. And we are having difficulties in communicating and conducting our client/attorney relationship."
An indigent defendant who cannot afford to retain an attorney has an absolute right to have counsel appointed by the court in all criminal proceedings in which representation by counsel is constitutionally required. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Strickland v. State, 280 Ala. 31, 189 So.2d 771 (1965); U.S. Const. amend. VI and XIV; Art. I, Ala. Const.1901, § 6; Ala.Code 1975, § 15-12-21; Ala.R.Crim.P. 6.1. While an indigent defendant may have the right to be represented by counsel, he has no absolute right to be represented by any particular counsel or by counsel of his choice. Briggs v. State, 549 So.2d 155 (Ala.Cr.App.1989). The essential aim of the Sixth Amendment is to guarantee an effective advocate, not counsel preferred by the defendant. Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The Sixth Amendment does not guarantee a defendant a meaningful relationship, rapport, or even confidence in court-appointed counsel. Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); Siers v. Ryan, 773 F.2d 37 (3d Cir.1985), cert. denied, 490 U.S. 1025, 109 S.Ct. 1758, 104 L.Ed.2d 194 (1989).
The decision to substitute or to remove court-appointed counsel and to appoint new counsel for an accused rests within the sound discretion of the trial court. Boldin v. State, 585 So.2d 218 (Ala.Cr.App.1991); Cox v. State, 489 So.2d 612 (Ala.Cr.App.1985). In order to prevail on a motion for substitution of counsel, the accused must show a demonstrated conflict of interest or the existence of an irreconcilable conflict so great that it has resulted in a total lack of communication that will prevent the preparation of an adequate defense. Boldin v. State; Cox v. State.
After reviewing the record in this case, we find that the trial court did not abuse its discretion in refusing to appoint new counsel to represent the appellant, because the appellant did not show either that his counsel had a conflict of interest or that there existed an irreconcilable conflict between him and his counsel. We note that the matter of a possible conflict between the appellant and his counsel was not brought to the attention of the trial court until after a jury had been empaneled and seated in the jury box and the trial was under way. We also note that the trial court adequately inquired into the nature of the appellant's complaint. Clearly, there is nothing in the record to show that the appellant's counsel had a conflict of interest. Furthermore, the record refutes any allegation that there was such a conflict between the appellant and his counsel as would bring about a total lack of communication and prevent the preparation of an adequate defense. On the contrary, the record shows that the appellant's counsel acted zealously and effectively in representing him and in presenting his case to the *108 court and jury. The trial court did not abuse its discretion in denying the motion for substitution of counsel.

II.
The appellant contends that the trial court committed reversible error by setting aside his original sentence and imposing a more severe sentence. This issue was preserved for review by timely and proper objection. The appellant relies on the holding in Ex parte Tice, 475 So.2d 590 (Ala.1984), to support his contention. In Tice, the Alabama Supreme Court held that "once a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence." Id. at 591-92 (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Rice v. Simpson, 274 F.Supp. 116 (M.D.Ala.1967), aff'd, 396 F.2d 499 (5th Cir. 1968), aff'd, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and Brown v. State, 376 So.2d 1382 (Ala.Crim.App.1979)). In his brief, the appellant asks us to grant him a new trial or, in the alternative, to remand his case to the trial court with instructions to reinstate his original sentence. The state, in its brief, also relying on Tice, states that "it does not appear that the trial judge was legally justified in resentencing Snell more harshly that the sentence originally imposed," and requests that we vacate the new sentence and reinstate the original sentence. It appears from the record that the trial court exhibited considerable leniency toward the appellant in imposing the original sentence, particularly in view of his prior felony convictions and another pending felony case. When the appellant directed obscene remarks toward the trial court shortly after sentencing, the trial court obviously concluded that its leniency had been misplaced, and it set aside the original sentence and resentenced the appellant to what it perceived to be a more appropriate sentence in view of the appellant's "attitude."
In this case, the original sentence was within the minimum and maximum sentences authorized by the penalty statute for the crime for which the appellant had been convicted and, thus, was a valid sentence. The appellant was in the custody of the sheriff and had begun to serve his original sentence when the second and more severe sentence was imposed. Applying the holding in Tice to this case, we find no fraud in the imposition of the original sentence. As to whether the reason given by the trial court for resentencing the appellant amounted to a "compelling reason" under Tice, we find it unnecessary to address that question because the resentencing was unauthorized and violated the appellant's constitutional guarantee against double jeopardy. Increasing a valid sentence after a defendant has commenced serving the sentence violates the prohibition against double jeopardy in both the United States and Alabama Constitutions. U.S. Const. amend. V; Const. of Ala.1901, Art. I, § 9. See Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); Williams v. United States, 422 F.2d 1318 (5th Cir. 1970); Ex parte Williams, 510 So.2d 135 (Ala.1987); Brown v. State, 376 So.2d 1382 (Ala.Crim. App.1979). See also United States v. Fogel, 829 F.2d 77 (D.C.Cir.1987); Jolly v. State, 689 So.2d 986 (Ala.Crim.App.1996); and Harris v. State, 261 Ga. 859, 413 S.E.2d 439 (1992). To allow the second sentence to stand in this case would punish the appellant twice for the same offense. He would not only be put in jeopardy twice, but would actually be punished twice. Therefore, this case is due to be remanded to the trial court with instructions that the appellant's second sentence be vacated and that his original sentence be reinstated.
Because we are remanding this case to the trial court for reinstatement of the original sentence, we find it unnecessary to address the remaining issues raised in the appellant's brief because they pertain only to the resentencing proceedings.
For the above reasons, we affirm the judgment of conviction and remand this case to the trial court with instructions that it vacate the second sentence and reinstate the appellant's original sentence. It is further directed that the trial court shall take all action necessary to allow the clerk to make due *109 return to this remand within 30 days of the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.
ALL JUDGES CONCUR.

On Return to Remand
PATTERSON, Retired Appellate Judge.
On May 8, 1998, we affirmed Jerick Michael Snell's conviction for possession of cocaine, a controlled substance; however, we remanded the case to the trial court with instructions to vacate Snell's original sentence, to hold another hearing, and to resentence him accordingly. The trial court complied with our instructions and, on June 3, 1998, vacated the original sentence, held a new sentencing hearing, and sentenced Snell to 20 years' imprisonment. It also ordered him to pay $50 to the crime victims compensation fund and $1,000 as a drug assessment under the Demand Reduction Assessment Act, § 13A-12-280 et seq., Ala.Code 1975. Due return reflecting the trial court's actions has been filed with this court along with a transcript of the proceedings. The new sentence is valid and in accordance with our instructions on remand; it is therefore due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED AS TO SENTENCING.
LONG, P.J., and McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.