BASCHAB, Judge.
The appellant, Thomas G. Donahey, Jr., was convicted of first-degree receiving stolen property, a violation of § 13A-8-17(a), Ala.Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of twenty years in prison. See § 13A-5-9(c)(2), Ala.Code 1975. It then split his sentence and ordered him to serve two years in the Montgomery County Punishment and Corrections Program followed by two years on supervised probation. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
Appellate counsel filed a brief and a motion to withdraw in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel asserted that he had *859 reviewed the record and that he had not found any arguable issue that had been preserved for our review. The appellant did not file any pro se issues for our consideration. We have thoroughly reviewed the record and have not found any errors that require a reversal of the appellant’s conviction. Therefore, we affirm the appellant’s conviction for first-degree receiving stolen property.
However, our examination of the record reveals that the trial court improperly split the appellant’s sentence. Section 15-18-8, Ala.Code 1975, as amended effective May 25, 2000, provides, in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years .... ”
(Emphasis added.) Because the appellant’s sentence was twenty years in prison, the minimum period of incarceration the trial court could have imposed on the split portion of his sentence was three years. See State v. Gaines, [Ms. CR-03-1201, July 16, 2004] — So.2d - (Ala.Crim.App.2004). Accordingly, we remand this case to the circuit court with instructions that that court resentence the appellant.
“As this Court ordered in Austin [v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003)]:
“ ‘Because the 20-year sentence was valid, the circuit court may not change it. See Wood [v. State, 602 So.2d 1195 (Ala.Crim.App.1992)]. However, the court may split the sentence in compliance with § 15-18-8, i.e., with no more than 5 years in confinement, see, e.g., Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App.2001)(holding that “the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements” despite the prohibition against probation in §§ 13A-12-250 and 13A-12-270), or,' if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.’ ”
Gaines, — So.2d at -. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS *860 AS TO SENTENCE. 
McMILLAN, PM., and COBB, SHAW, and WISE, JJ., concur.