BASCHAB, Judge.
The appellant, Diana Lynn Shivener, pled guilty to reckless murder, a violation of § 13A-6-2(a)(2), Ala.Code 1975, and leaving the scene of an accident with injuries, a violation of § 32-10-1, Ala.Code 1975. Ultimately, the trial court sentenced her to serve a term of twenty years in prison on the reckless murder conviction, but split the sentence and ordered her to serve five years followed by five years on probation. It also sentenced her to serve a term of ten years in prison on the leaving the scene conviction, but split the sentence and ordered her to serve three years followed by five years on probation. The appellant did not file any post-judgment motions. This appeal followed.
The appellant argues that “the trial court erred by imposing an increased sentence on [her] after the trial court had previously entered a valid sentence.” (Appellant’s brief at p. 8.) The trial court initially conducted a sentencing hearing on January 11, 2006. After giving the victim’s family an opportunity to be heard, the following occurred:
“THE COURT: All right. On each of these counts, you are hereby sentenced to 15 years in the penitentiary, split to serve five, followed by three years probation. However, as the — I want you to complete the LifeTech program—
“[DEFENSE COUNSEL]: Excuse me, Your Honor. Leaving the scene of the accident, the maximum punishment is 10 years. That’s a class C felony, so it couldn’t—
“THE COURT: Okay. Well, I’m sorry. Fifteen years on the class A, 10 years on the class C, split to serve five; but, however, I want you to complete the Life Tech program first, pay court costs, $50 Victim’s Compensation Fund. Restitution?
“[PROSECUTOR]: Restitution in the amount of $696.
“THE COURT: $696 in restitution. Sentence is to run concurrent. Thank y’all.
“(Short recess.)
“(Defendant present.)
*915 “THE COURT: Okay. I previously sentenced you to 15 years split five, and I now understand that I can’t do that, that five is too long a split under the law. Is that right?
“[DEFENSE COUNSEL]: Yes, sir.
“THE COURT: Everything stays the same except it’s 10 split to serve three, concurrent.
“THE DEFENDANT: And I still go to Life—
“THE COURT: Yes, ma’am. Just tell them that was a mistake we made.
“(Court adjourned.)”
(R. 12-13.)
On January 12, 2006, the State filed a “Motion to Reconsider Sentence” in which it alleged that the victim’s representative was not present when the trial court amended the appellant’s split sentence on the leaving the scene conviction and that the victim’s representative had a right to be present. On January 18, 2006, defense counsel filed a “Defendant’s Response to State’s Motion to Reconsider Sentence” in which he asserted:
“At this time the Court cannot bring the Defendant back before it to enhance the sentence. See Ex parte Tice, 475 So.2d 590 (Ala.1984), Wood v. State, 602 So.2d 1195 (Ala.Cr.App.1992). Therefore, unless the State wishes to reduce the Defendant’s sentence, there is no reason to reconsider the Defendant’s sentence.”
(C.R. 22.)
On February 1, 2006, the trial court conducted a hearing. During that hearing, the following occurred:
“[PROSECUTOR:] ... [A]t the time of the original sentencing, the victim’s representative was present in court.
“It is my understanding that-after the sentence had been handed down, that the victim’s mother left the courtroom, and that’s when this mistake was brought to the court’s attention.
“It was at that time that [the previous prosecutor] asked the court for time to get the victim to come back, and the court was going to correct or modify the sentence. And it is my understanding at that time the court denied that request and went ahead with the modification of the sentence.
“I will show the court some law. First there is a statute [§ ]15 — 23—6Y[, Ala.Code 1975]. I made a copy for defense counsel and a copy for the court. Which says that the victim has a right to be present through — throughout all criminal proceedings pursuant to Section 15-14-50 which is the Crime Victim’s Court Attendance Act.
“I do have the short title of that act for the court which is in 15-14-50. It is just a short title. It is not the entire act.
“Basically what the State of Alabama is requesting that the court do is just void the sentence that the court handed out, and with the victim present, resen-tence the defendant. We think that would be the right thing to do since the 'victim was not here when the modification was done.”
(S.R. 4-5.) After hearing arguments from both sides, the trial court stated:
“THE COURT: Here is what I’m going to do. You know I made the mistake when I did the first sentence, and I think I said 15, 5 and then I said we will just do what — and that was my mistake. And I admit I made that mistake. But I never entered a sentence on the docket and—
“[DEFENSE COUNSEL]: But you did on the record, Judge.
“THE COURT: I know. But what I’m going to do now is I’m going to resentence her. I’m going to do away *916 with both of the other sentences and void those. 20 years split 5 on the Class A. 10 years split 3 on the Class C. $696 in restitution, $50 Crime Victim’s. And I think there is also a recommendation that she go to Life Tech. So — my sentence is to run concurrent. Court costs, $50 Victim’s Compensation and cost and I will note that you reserve that for appeal.”
(S.R. 10.)
Murder is a Class A felony, see § 13A-6-2(e), Ala.Code 1975, and leaving the scene of an accident with injuries is a Class C felony. See § 32-10-6, Ala.Code 1975. Therefore, the appellant’s initial fifteen-year sentence on the reckless murder conviction and ten-year sentence on the leaving the scene conviction were valid sentences. See § 13A-5-6(a)(l) and (a)(3), Ala.Code 1975. Because the appellant’s original sentences did not exceed fifteen years in prison, the maximum period of incarceration the trial court could have imposed on the split portion of her sentences was three years. See § 15-18-8(a)(1), Ala.Code 1975. However, the trial court ordered that the appellant serve five years on the split portion of her sentences. Accordingly, the execution of the appellant’s sentences was improper pursuant to § 15 — 18—8(a)(1), Ala.Code 1975.
“ ‘Once a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence.’ Ex parte Tice, 475 So.2d 590, 591-92 (Ala.1984). ‘The term “sentence,” of course, assumes a valid statutorily-imposed punishment.’ Johnson v. State, 421 So.2d 1306, 1314 (Ala.Cr.App.1982). A trial court has ‘not only the power but the duty to sentence [a defendant] as required by law.’ Abram v. State, 574 So.2d 986, 988 (Ala.Cr.App.1990) (quoting Johnson v. State, 421 So.2d at 1314). Although the manner in which the trial court ‘split’ the appellant’s original sentence was improper, the sentence itself was valid. Therefore, the trial court did not have the power to increase the appellant’s sentence from eight to ten years’ imprisonment.
“The appellant’s original sentence of eight years’ imprisonment was valid and was not infirm. The error in sentencing only concerned the manner in which the trial court suspended the sentence. That court had ordered an improper execution of a valid sentence. See Ex parte Tice, supra; Thomas v. State, 552 So.2d 875, 876 (Ala.Cr.App.1989), affirmed, 552 So.2d 878 (Ala.1989).”
Wood v. State, 602 So.2d 1195, 1196 (Ala.Crim.App.1992) (footnote omitted).
Because the appellant’s fifteen-year and ten-year sentences were valid, the trial court did not have the authority to modify them. Rather, it had the authority to modify only the execution of the appellant’s sentences. See Wood, supra. Therefore, the trial court erred when it increased the appellant’s sentence on the reckless murder conviction and ordered her to serve a term of twenty years in prison, and the twenty-year sentence it imposed on February 1, 2006, is void.
Immediately after the sentencing hearing, and again at the hearing on February 1, 2006, the trial court modified the minimum period of incarceration on the leaving the scene conviction to three years. The execution of the appellant’s sentence in that case complies with § 15-18-8, Ala. Code 1975. However, it does not appear that the trial court modified the minimum period of confinement on the reckless murder conviction. Therefore, the execution of the appellant’s original fifteen-year sentence on the reckless murder conviction is still improper.
*917 For the above-stated reasons, we remand this case to the trial court with instructions that that court vacate the twenty-year sentence it imposed on the reckless murder conviction on February 1, 2006, and conduct a new sentence hearing with regard to that conviction. During that hearing, the trial court shall reinstate the appellant’s original fifteen-year sentence and set aside the split portion of that sentence. If the trial court determines that a split sentence is still appropriate, the maximum period of incarceration cannot exceed three years. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include a transcript of the new sentencing hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, p.j., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On December 1, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.