Charlie M. Tarver appeals from the trial court's summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief.
In his petition, Tarver argues that he did not have counsel present at the sentencing portion of his guilty-plea proceeding and that he is therefore entitled to a new trial. Because this claim was not refuted by the State in the trial court, it must be taken as true. Thomas v. State, 908 So.2d 308
(Ala.Crim.App. 2004).
A defendant has a right to counsel during sentencing. See Rule 6.1(a), Ala. R.Crim. P. "Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence." Pratt v.State, 851 So.2d 142, 144 (Ala.Crim.App. 2002).
Therefore, this case must be remanded to the trial court for it to determine whether Tarver was represented by counsel during sentencing, and, if he was not, whether he waived his right to counsel by one of the methods prescribed in Rule 6.1(b), Ala. R.Crim. P. If the trial court finds that Tarver was indeed without counsel during sentencing and that he did not waive his *Page 495 
right to counsel, the trial court should hold a new sentencing hearing at which counsel should be appointed for Tarver at the hearing. If the trial court finds that Tarver's claim is without merit and that the appointment of counsel and resentencing is unnecessary, the trial court should so state in an order. Due return shall be made to this court in 56 days.
REMANDED WITH INSTRUCTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.