JOINER, Judge,
concurring in part; concurring in the result in part; and dissenting in part.
I concur in the result with respect to Part III.A. of the majority opinion, I dissent with respect to Part III.B., and I concur in all other respects.
I concur in the result with respect to Part III.A. because I do not believe that “it is clear from the record that Shaw contrived a dispute between him and Pit-ters in an attempt to delay his trial.” 148 So.3d at 758. Likewise, I believe that such a holding is unnecessary in light of the conclusion that “Shaw cannot now complain that he was denied his right to counsel of choice when Shaw could have, at any time before his trial, fired Pitters and hired new counsel but failed to do so.” 148 So.3d 745, 758.
I dissent with respect to Part III.B. — in which the majority concludes that Shaw was unrepresented by counsel at his first sentencing hearing — because this Court is making a factual determination that would best be made by the circuit court following an evidentiary hearing; further, even if this Court were in a position to make a factual determination on the issue, the conclusion reached by the majority is unsupported by the materials before this Court.
On May 14, 2009, Shaw — in the presence of counsel who made detailed and articulate arguments on behalf of Shaw — was sentenced to 27 years’ imprisonment for the theft and trafficking-in-identities convictions, and to 5 years’ imprisonment for the remaining convictions. All of Shaw’s sentences were to run concurrently. (Record on original submission, R. 287-88.)
At the conclusion of the May 14 sentencing hearing, the following exchange occurred:
“MR. PITTERS: I would ask the Court to — there is an issue here with respect to — I’ve previously filed a Motion to Withdraw. Mr. Shaw has — for all practical purposes has — been asking for me to withdraw from this case. When the verdict was announced, he gave oral notice of appeal — The Alabama Court of Criminal Appeals — We’ll have to wait until sentencing. So at this time, I’ll sort of re-file orally and ask the Court for leave to withdraw. I was retained—

“THE COURT: —file a written motion, please. Have you already filed a written motion1

“MR. PITTERS: Yes, I did.
“THE COURT: Okay. Well, it will be granted. And we will appoint Mr. *766 Shaw another attorney unless he wants to hire his own.
“[Shaw]: Your Honor, I would like to say something.
“THE COURT: All right.
“[Shaw]: You sent an order over to me that I got a copy of it that stated that on the 17th that Mr. Pitters had withdrew then. I’m questioning, how he come back to be representing me now? I mean, you ordered that he withdrew on the 17th. And I’m wondering, how he come to be representing me now? I’m talking about at sentencing. You know, I’m talking about—
“THE JUDICIAL ASSISTANT: I may be able to clarify that a little bit for Mr. Shaw. Mr. Pitters was allowed to withdraw as to your appeal. You filed an appeal.
“[Shaw]: If Mr. Pitters withdrew, he withdrew, period, because my folks paid him $8,500,1 mean, to represent me. If he withdrew on the 17th, he filed a motion. The Court granted his motion. He shouldn’t have been here representing me now. That’s the way I look — I think that’s the way the law should go. If he withdrew on the 17th from my case and then he come back this morning to represent me, how is that? How are you going to represent? How are you going to withdrew on the 18th and then come back and represent me when you feel like representing me—
“THE COURT: —do you want me to appoint you another attorney for your sentencing?
“[Shaw]: I would like that.
“THE COURT: Okay. We’ll do the sentencing next Monday.
“Ms. Battle-Hodge, you’re appointed to represent Mr. Shaw on Monday.
“MS. BATTLE-HODGE: Thank you, Your Honor.
“MR. PITTERS: May I be excused?
“THE COURT: All right.”
(Record on appeal, R. 289-90 (emphasis added).)
Four days later, the circuit court conducted a second sentencing hearing. In that hearing, Shaw — in the presence of counsel — was sentenced to 27 years’ imprisonment for the theft and trafficking-in-identities convictions, and to 10 years’ imprisonment for the remaining convictions; the two 27-year sentences were to run consecutively with the five 10-year sentences.[10]
In response to Shaw’s argument that his double-jeopardy rights were violated when he was resentenced to a greater term of imprisonment — and when his sentences were changed to consecutive from concurrent sentences — the majority opinion states:
“In this case, the original sentences imposed on Shaw on May 14, 2009, were not valid sentences because Shaw was not represented by counsel during that original sentencing hearing. As Shaw *767 himself argued to the trial court at the May 14, 2009, sentencing hearing, counsel who was present at that hearing had already withdrawn from representing him and, thus, Shaw was, in effect, without counsel during that hearing.”
145 So.3d 745, 761.
First, the conclusion that “Shaw was not represented by counsel during that original sentencing hearing” is a factual determination — apparently based on Shaw’s unsworn statements at the original sentencing hearing — relevant to the outcome of Shaw’s claim that he was unlawfully resentenced; such a factual determination, however, would best be made by a circuit judge after affording Shaw an opportunity to address such an allegation. See Ex parte Fountain, 842 So.2d 726, 730 (Ala.2001) (“Procedural due process ... broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them." (quotation marks omitted)). In this case, this Court is making a factual determination never addressed by either party — or considered by the judge — to affirm the dismissal of Shaw’s claims; although this Court may affirm for any reason, it may not do so if doing so violates due process. See Bryant v. State [Ms. No. CR-08-0405, Feb. 4, 2011] — So.3d-,-(Ala.Crim.App.2011) (noting that “there exists a long-standing and well-reasoned principle that we may affirm the denial of a Rule 32 petition if the denial is correct for any reason,” but recognizing that this “general rule is limited only by due-process constraints that require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment” (quotations omitted)). Accordingly, I would, at the very least, remand this case for an eviden-tiary hearing on this issue.
Second, to the extent that this Court may review this issue de novo as a determination to be made on a cold record, Ex parte Hinton, [Ms. 1110129, Nov. 9, 2012] — So.3d- (Ala.2012), the conclusion reached in the majority opinion is inconsistent and unsupported by the above-quoted sentencing hearing. The transcript does not demonstrate that Shaw was unrepresented by counsel at the first sentencing hearing; to the contrary, the transcript establishes that Pitters was present at the first sentencing hearing and zealously advocated for Shaw on the issue of sentencing. Further, attorneys withdraw only by permission of the court, see Rule 6.2(b), Ala. R.Crim. P.; the sentencing transcript evidences that Pitters had been allowed to withdraw only for the purposes of Shaw’s appeal — notice of which was given immediately after the verdict — and, further, that neither Pitters nor the trial judge understood Pitters to have withdrawn before the sentencing hearing.
Moreover, even if Pitters had, in fact, been allowed to withdraw prior to the sentencing hearing, the legal authority relied upon in the opinion do not support the proposition that a defendant is deprived of counsel where counsel has withdrawn but continues to act as a defendant’s attorney in fact. Instead, the caselaw used in the majority opinion involves instances in which counsel was absent entirely.[11] See Tarver v. State, 985 So.2d 494, 495 (Ala. *768 Crim.App.2006) (“If the trial court finds that Tarver was indeed without counsel during sentencing and that he did not waive his right to counsel, the trial court should hold a new sentencing hearing at which counsel should be appointed for Tar-ver at the hearing.”); Coughlin v. State, 842 So.2d 30, 33 (Ala.Crim.App.2002) (“Coughlin, a nonindigent defendant, represented himself at trial.”); Berry v. State, 630 So.2d 127, 128 (Ala.Crim.App.1993) (“The record discloses that the appellant, although represented by counsel at prior proceedings, was not represented by counsel at that hearing.”); Anderson v. State, 434 So.2d 738, 738 (Ala.Crim.App.1983) (“On April 8, 1983, the Supreme Court of Alabama, Anderson v. State, 434 So.2d 737, directed this court to remand this cause for a sentencing hearing with counsel present.”).[12]
I conclude that Shaw was validly sentenced at his first sentencing hearing and, thus, that Shaw’s second sentence — which is four-times longer than his first — violates double-jeopardy protections. Ex parte Tice, 475 So.2d 590, 591-92 (AIa.1984); Shivener v. State, 958 So.2d 913 (Ala.Crim.App.2006); Moore v. State, 814 So.2d 308, 310 (Ala.Crim.App.2001) (citing Rule 26.12, Ala. R.Crim. P.); Snell v. State, 723 So.2d 105,108 (Ala.Crim.App.1998).
For the foregoing reasons, I dissent as to this issue.

. Although the second sentencing order reflects that the two 27-year sentences and the five 10-year sentences are to run consecutively with each other, neither the transcript from the second sentencing nor the subsequent sentencing order addresses whether the two 27-year sentences and the five 10-year sentences are respectively concurrent or consecutive sentences; accordingly, they are deemed to all be consecutive sentences. See § 14-3-38(a), Ala.Code 1975 ("When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively[.]”) Shaw’s sentences of imprisonment — from first sentencing to the second — went from, at most, 27 years, to approximately 104 years.

. The majority opinion arguably gives rise to a new realm of jurisdictional Sixth Amend *768 ment claims; specifically, a defendant could raise a claim that he was unrepresented by counsel at a critical stage of the proceedings — a jurisdictional claim — on the basis that the record is ambiguous regarding counsel’s status as attorney for the defendant, even if the record establishes that counsel was, in fact, present and actively representing the defendant.

. Although it is unclear from the Alabama Supreme Court's decision in Anderson whether the defendant in that case was represented by counsel — or, instead, whether counsel had simply withdrawn — the opinion of this Court on remand makes it clear that counsel was not, in fact, present at the sentencing hearing.