BURKE, Judge.
Cedric Lamar Goldsmith appeals the revocation of the split sentence that was imposed by the Montgomery Circuit Court. On May 8, 2013, Goldsmith pleaded guilty to first-degree robbery, a violation of § 13A-8A11, Ala.Code 1975. On May 30, 2013, Goldsmith was sentenced to 120 months’ imprisonment; the sentence was split and he was ordered to serve 36 months’ imprisonment. The circuit court did not order a term of probation.
On May 21, 2015, the circuit court held a hearing regarding several disciplinaries that Goldsmith received while incarcerated. At the conclusion of the hearing, the circuit court revoked Goldsmith’s split sentence.
On appeal, Goldsmith argues, among other things, that the circuit court did not have jurisdiction to revoke his split sentence because his original split sentence was an illegal sentence in that it did not include a term of probation. We agree.
In Brown v. State, this Court stated that “[i]t is well settled that under § 15-18-8, Ala.Code 1975, a circuit court ‘ “can split a sentence only if the defendant is placed on probation for a definite period following the confinement portion of the split sentence.” ’ ” 142 So.3d 1269, 1271-72 (Ala.Crim.App.2013) (quoting Moore v. State, 871 So.2d 106, 109 (Ala.Crim.App.2003), quoting in turn, Madden v. State, 864 So.2d 395, 398 (Ala.Crim.App.2002)). *46 Therefore, a trial court lacks jurisdiction to split a defendant’s sentence “without ordering a probationary period to follow the confinement portion of the sentence.” Moore, 871 So.2d at 109. Further, this Court held that where the circuit court did not have the jurisdiction to split the defendants’ sentences in the manner in which it did, “the circuit court did not have the authority to revoke the split sentences.” Brown, 142 So.3d at 1274.
. In .the present case, although Goldsmith was eligible for a split sentence pursuant to § 15-18-8, Ala.Code 1975, the record indicates that the circuit court failed to order him to serve a probationary period as part of his split sentence. Therefore, the manner in which the circuit court ordered the sentence to be executed was illegal and, thus, the circuit court did not have the authority to revoke his split sentence. See id. Consequently, this case must be,remanded for the circuit court to conduct another sentencing hearing and to reconsider the execution of Goldsmith’s sentence. In the present case, the 120-month sentence was valid; thus, the circuit court may not change it. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992). However, the proper remedy would be for “the court [to] either split the sentence in compliance with § 15-18-8 ... or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full [120-month] sentence.” Moore, 871 So.2d at 109-10.
Additionally, because the record is unclear as to whether Goldsmith’s guilty plea was the result of a plea agreement with the State, the circuit court shall also make a determination whether the original splitting of the sentences was a part of the plea agreement with the State. See Moore, 871 So.2d at 110-11. If the guilty plea was a part of a plea agreement with the State and the court determines that it is no longer appropriate to split Goldsmith’s sentence, “the resentencing would be a rejection of the plea agreement and the circuit court must allow [Goldsmith] to withdraw his plea if [Goldsmith] requests to do so.” Moore, 871 So.2d at 111.
Accordingly, this cause is remanded for the circuit court to conduct a sentencing hearing and to reconsider the execution of Goldsmith’s sentence in accordance with this order. Due return shall be filed with this Court no later than 42 days from the date of this order. The return to remand shall include a transcript of the proceedings conducted on remand.
REMANDED WITH INSTRUCTIONS.*
WELCH, KELLUM, and JOINER, JJ., concur.
WINDOM, P.J., dissents.

 Note from the.reporter of decisions: On Feb- . ruary 5, 2016, on.return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.