864 So.2d 1115 (2003)
Kenneth Wayne AUSTIN
v.
STATE of Alabama.
CR-01-2020.
Court of Criminal Appeals of Alabama.
January 7, 2003.
Opinion on Return to Remand February 28, 2003.
*1116 Kenneth Wayne Austin, pro se.
William H. Pryor, Jr., atty. gen., and John M. Porter, asst. atty. gen., for appellee.
*1117 SHAW, Judge.
Kenneth Wayne Austin appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the sentence he received for his March 7, 2001, guilty-plea conviction for the unlawful distribution of a controlled substance. Austin was sentenced on April 4, 2001, to 10 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional 5 years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975. The trial court suspended the 10-year base sentence and placed Austin on 2 years' probation. Austin was ordered to serve the 10-year enhanced portion of his sentence in prison. He did not appeal.
Austin filed the present Rule 32 petition on April 23, 2002. In his petition, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Austin alleged that the trial court lacked jurisdiction to enhance his sentence pursuant to §§ 13A-12-250 and 13A-12-270, because, he said, those enhancements were not charged in the indictment or proven to a jury beyond a reasonable doubt. On June 25, 2002, after receiving a response from the State, the circuit court summarily denied Austin's petition.
As the circuit court correctly noted in its order denying Austin's petition, this Court has held that Apprendi does not require that the enhancement provisions in §§ 13A-12-250 and 13A-12-270 be charged in the indictment. See Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001). See also Hale v. State, 848 So.2d 224 (Ala. 2002). In addition, by pleading guilty Austin waived his right to a jury trial. However, even if he had not pleaded guilty, because he was convicted after Apprendi was decided, Austin could have raised his Apprendi claim in the trial court and on appeal and, therefore, the claim would be barred by Rules 32.2(a)(3) and (5), Ala. R.Crim.P. Therefore, the circuit court properly denied Austin's Rule 32 petition.
Although we find that summary denial of Austin's Rule 32 claim was proper, we also find that the execution of Austin's sentence was illegal. "Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). As noted above, Austin was sentenced to 10 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, and an additional 5 years' imprisonment pursuant to § 13A-12-270. The trial court then suspended the 10-year base sentence and placed Austin on probation for 2 years; Austin was ordered to serve the 10-year enhanced portion of his sentence in confinement. In effect, the trial court split Austin's 20-year aggregate sentence and ordered him to serve 10 years in confinement. See, e.g., State v. Corley, 831 So.2d 59, 60 (Ala.Crim.App.2001)("This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.").
The trial court, however, did not have jurisdiction pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, to split Austin's sentence as it did and order him to serve 10 years in confinement. Section 15-18-8, as amended effective May 25, 2000, provides, in pertinent part:
"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction *1118 to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best."
(Emphasis added.) Under § 15-18-8, the trial court could only order Austin to serve a maximum of 5 years in confinement.
We note that the 20-year sentence itself, i.e., 10 years' imprisonment enhanced by an additional 10 years' imprisonment pursuant to §§ 13A-12-250 and 13A-12-270, was within the statutory sentencing range for the Class B felony of unlawful distribution of a controlled substance and was, therefore, a valid sentence. See § 13A-12-211(b) and § 13A-5-6(a)(2), Ala.Code 1975. Only the manner in which the trial court split the sentence is illegal. See, e.g., Madden v. State, 864 So.2d 395 (Ala. Crim.App.2002); Havis v. State, 710 So.2d 527 (Ala.Crim.App.1997); Berry v. State, 698 So.2d 225 (Ala.Crim.App.1996); and Wood v. State, 602 So.2d 1195 (Ala.Crim. App.1992)(all recognizing that although a sentence may be valid, i.e., within the statutory sentencing range, the manner in which the sentence is ordered to be executed under § 15-18-8, Ala.Code 1975, may be invalid).
Therefore, we must remand this case for the circuit court to conduct another sentencing hearing and to reconsider the execution of Austin's 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it. See Wood, supra. However, the court may either split the sentence in compliance with § 15-18-8, i.e., with no more than 5 years in confinement, see, e.g., Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App.2001)(holding that "the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements" despite the prohibition against probation in §§ 13A-12-250 and 13A-12-270), or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.
We note, however, that the record in this case does not indicate whether Austin's original sentence was part of a plea agreement with the State or whether it was a blind plea. A transcript of the guilty-plea colloquy is not in the record, Austin did not allege in his petition whether his guilty plea was pursuant to an agreement with the State, and neither the *1119 State's response to Austin's petition nor the circuit court's order denying the petition indicate whether the plea was part of an agreement. Therefore, it is impossible for this Court to determine whether resentencing Austin will affect the voluntariness of his plea. As we noted in Calloway v. State, 860 So.2d 900 (Ala.Crim.App.2003) (opinion on return to remand and on second application for rehearing), an opinion released today:
"Rule 14.3(c)(2)(iv), Ala.R.Crim.P., provides that if a trial court rejects a plea agreement, it must `[a]fford the defendant the opportunity to withdraw the defendant's offer to plead guilty.' `The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea.' Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim. App.1996). See also Ex parte Otinger, 493 So.2d 1362 (Ala.1986); Nelson v. State, 866 So.2d 594 (Ala.Crim.App. 2002); Moore v. State, 719 So.2d 269 (Ala.Crim.App.1998); Clark v. State, 655 So.2d 50 (Ala.Crim.App.1995); and Brown v. State, 495 So.2d 729 (Ala.Crim. App.1986). The reasoning behind this is that `when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled.' Ex parte Otinger, 493 So.2d at 1364, citing Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis omitted [in Calloway ]).

"In this case, the trial court actually accepted the plea agreement and sentenced Calloway in accordance with that agreement. However, the sentence was illegal under § 15-18-8, which prohibits splitting a sentence in excess of 20 years. A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing. That resentencing was, in effect, a rejection of the plea agreement. It is clear from the transcript of the guilty-plea colloquy that the splitting of the 20-year base sentence in Calloway's original sentence was a `part of the inducement or consideration' for Calloway's plea and that when he was resentenced in accordance with this Court's instructions without the sentence being split, he did not receive what he had been promised. Therefore, based on the authority cited above, Calloway should now be allowed to withdraw his plea."
860 So.2d at 906. If the circuit court determines on resentencing that splitting Austin's sentence is no longer appropriate and that Austin should serve the full 20-year term, and if the original splitting of Austin's sentence was a part of a plea agreement with the State, then resentencing would, in effect, be a rejection of the plea agreement. If that is indeed the case, then the circuit court should allow Austin to withdraw his guilty plea if he requests to do so.
Based on the foregoing, the circuit court did not err in summarily denying Austin's Rule 32 claim; however, this case is remanded to the circuit court for resentencing. Due return should be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the proceedings conducted on remand as well as a transcript of the guilty-plea colloquy.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Return to Remand
SHAW, Judge.
In an opinion issued on January 7, 2003, this Court unanimously affirmed the circuit *1120 court's summary denial of Kenneth Wayne Austin's Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the sentence he received for his March 7, 2001, guilty-plea conviction for the unlawful distribution of a controlled substance. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). Austin had been sentenced to 10 years' imprisonment, enhanced by an additional 10 years' imprisonment pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. The trial court suspended the 10-year base sentence and placed Austin on 2 years' probation; however, Austin was ordered to serve the 10-year enhanced portion of his sentence in prison.
Citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Austin argued in his petition that his sentence had been improperly enhanced because, he said, the enhancements had not been charged in his indictment or proven to a jury beyond a reasonable doubt. We held that the circuit court properly denied Austin's petition because the enhancements did not have to be charged in the indictment; because Austin had waived his right to a jury trial by pleading guilty; and because Austin, who was sentenced after the United States Supreme Court issued its decision in Apprendi, could have raised the Apprendi claim at trial and on appeal, but had not done so.
Although we affirmed the circuit court's summary denial of Austin's petition, we noticed that the execution of Austin's sentence20 years split to serve 10 years in prisonwas invalid under § 15-18-8, Ala.Code 1975. The 20-year sentence itself was valid and could not be changed; however, we remanded this case for the circuit court "to conduct another sentencing hearing and to reconsider the execution of Austin's 20-year sentence."
864 So.2d at 1118. On January 16, 2003, the circuit court conducted another sentencing hearing and again split Austin's 20-year sentence, this time ordering that he serve 26 months in confinement, followed by 3 years on probation. This sentence, however, is also not in compliance with § 15-18-8, Ala.Code 1975, which provides, in pertinent part:
"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the *1121 contrary and that the defendant be placed on probation for the period upon the terms as the court deems best."
(Emphasis added.) Under § 15-18-8, Austin must serve a minimum of 3 years, but no more than 5 years, in confinement. The circuit court, therefore, did not have jurisdiction to order that Austin serve only 26 months in confinement.
Accordingly, we must again remand this case for the circuit court to conduct another sentencing hearing and to again reconsider the execution of Austin's 20-year sentence. As we stated in our original opinion:
"Because the 20-year sentence was valid, the circuit court may not change it. See Wood[ v. State, 602 So.2d 1195 (Ala. Crim.App.1992)]. However, the court may either split the sentence in compliance with § 15-18-8, i.e., with no more than 5 years in confinement [and no less than 3 years in confinement], see, e.g., Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App.2001)(holding that `the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements' despite the prohibition against probation in §§ 13A-12-250 and 13A-12-270), or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.
"... If the circuit court determines on resentencing that splitting Austin's sentence is no longer appropriate and that Austin should serve the full 20-year term, and if the original splitting of Austin's sentence was a part of a plea agreement with the State, then resentencing would, in effect, be a rejection of the plea agreement. If that is indeed the case, then the circuit court should allow Austin to withdraw his guilty plea if he requests to do so."
864 So.2d at 1118-19.
Based on the foregoing, we remand this case to the circuit court for resentencing. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On May 23, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.