BASCHAB, Judge.
On March 24, 2000, pursuant to a negotiated agreement, the appellant, Antonio Morris, pled guilty to unlawful distribution of a controlled substance. The trial court sentenced him, as a habitual offender, to serve a term of ten years in prison. See § 13A-5-9(a)(2), Ala.Code 1975. It then split his sentence and ordered him to serve a term of two years in prison. The trial court also enhanced his sentence by five years because the sale took place within three miles of a school and an additional five years because the sale took place within three miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala. Code 1975. On June 28, 2002, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that “the Transcript of Record Conviction Report in this instant case erroneously shows that [he] was sentenced to a single twenty (20) year split sentence with twelve (12) years to serve, rather than the actual aggregate sentences which were imposed.” (Appellant’s brief at p. 4.) Specifically, he contends that the trial court “sentenced [him] to a ten (10) year split sentence with two (2) years to serve, as well as two (2) separate five (5) year sentences, for a total aggregate sentence of twelve (12) years.” (Appellant’s brief at p. v.) Therefore, he concludes that “his sentence is illegal and is not authorized by law because it does not conform to the oral pronouncement of sentence, as well as exceeds that authorized by law.” (Appellant’s brief at p. 4.)
Contrary to the appellant’s assertion, “ ‘[t]his Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Aa.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.’ State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001).” Calloway v. State, 860 So.2d 900, 902 (Aa.Crim.App.2002). Therefore, the appellant’s aggregate sentence was twenty years in prison. Accordingly, his argument that his total aggregate sentence was twelve years is without merit.
However, we conclude that the execution of the appellant’s sentence is illegal. On March 24, 2000, when the appellant was sentenced, § 15-18-8(a)(l), Ala.Code 1975, provided:
“(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the State of Aabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best....”
Because the appellant’s aggregate sentence was twenty years in prison, the trial court did not have jurisdiction to split his sentence. See Calloway, supra.
“ ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., *1178 Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
Id. Accordingly, we remand this case to the circuit court with instructions that that court set aside the split portion of the appellant’s sentence. Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ.,'concur.

 Note from the reporter of decisions: On September 19, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.