871 So.2d 106 (2003)
Henry Alexander MOORE
v.
STATE of Alabama.
CR-02-0453.
Court of Criminal Appeals of Alabama.
April 25, 2003.
Opinion on Return to Remand June 27, 2003.
*107 Henry Alexander Moore, pro se.
William H. Pryor, Jr., atty. gen., and Daniel W. Madison, asst. atty. gen., for appellee.
SHAW, Judge.
Henry Alexander Moore appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the sentence he received as a result of his February 20, 2001, guilty-plea conviction for the unlawful distribution of a controlled substance. Moore was sentenced to 15 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, for a total of 20 years' imprisonment. The trial court split the 15-year base sentence and ordered Moore to serve 6 months in prison on the base sentence, as well as the 5-year enhanced portion of the sentence. In effect, Moore was sentenced to 20 years' imprisonment, *108 split to serve 5 years and 6 months; no probation was ordered. Moore did not appeal his conviction and sentence.
Moore filed the present Rule 32 petition on November 6, 2002. As best we can discern, Moore, citing Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001), argued in his petition that his sentence was illegal because, he said, he was entitled to have the five-year enhanced portion of his sentence suspended pursuant to § 15-18-8(a)(1), Ala.Code 1975, amended effective May 25, 2000. Without requiring a response from the State, the circuit court summarily denied Moore's petition on November 12, 2002.
In Soles, this Court held that "the newly amended § 15-18-8(a)(1) [, Ala.Code 1975,] allows a trial court to suspend a sentence imposed pursuant to § 13A-12-250 or § 13A-12-270, [Ala.Code 1975.]" 820 So.2d at 165 (emphasis added). However, contrary to Moore's contention, neither Soles nor the newly amended § 15-18-8(a)(1) requires a trial court to do so. Therefore, Moore's claim is meritless, and the summary denial of Moore's petition was proper.
Although we find that the summary denial of Moore's petition was proper because the trial court was not required to suspend the enhanced portion of Moore's sentence, as the State correctly points out in its brief to this Court, the execution of Moore's sentence was illegal for other reasons. "Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994), and, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). As noted above, Moore was sentenced to a total of 20 years' imprisonment. The sentence was split, and he was ordered to serve a total of 5 years and 6 months in confinement; no probation was ordered to follow the confinement portion of the sentence. Although Moore's 20-year aggregate sentence was within the statutory range and, therefore, proper, the execution of that sentencesplit to serve 5 years and 6 months in confinement with no probationary periodwas illegal.
Section 15-18-8, Ala.Code 1975, as amended effective May 25, 2000, provides, in pertinent part:
"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the *109 sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best."
(Emphasis added.) In Madden v. State, 864 So.2d 395 (Ala.Crim.App.2002), this Court stated:
"The plain language of [§ 15-18-8] indicates that a trial court can split a sentence only if the defendant is placed on probation for a definite period following the confinement portion of the split sentence. Indeed, this Court has recognized that `[a]pplication of § 15-18-8 necessitates suspension of that portion of the split sentence that is not actual confinement and placement of the convicted defendant on probation ....' Hughes v. State, 518 So.2d 890, 891 (Ala.Crim.App. 1987). In addition, `in view of the history and text of Amendment 38 [of the Alabama Constitution of 1901, from which a trial court's power to suspend a sentence stems,] the power to suspend a sentence ... can only be exercised when coupled with an order for probation.' Holman v. State, 43 Ala.App. 509, 513, 193 So.2d 770, 773 (1966)(emphasis added [in Madden ])."
864 So.2d at 398. The trial court did not have jurisdiction to split Moore's sentence without ordering a probationary period to follow the confinement portion of the sentence.
Moreover, in Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003), this Court stated:
"As noted above, Austin was sentenced to 10 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, and an additional 5 years' imprisonment pursuant to § 13A-12-270. The trial court then suspended the 10-year base sentence and placed Austin on probation for 2 years; Austin was ordered to serve the 10-year enhanced portion of his sentence in confinement. In effect, the trial court split Austin's 20-year aggregate sentence and ordered him to serve 10 years in confinement. See, e.g., State v. Corley, 831 So.2d 59, 60 (Ala.Crim.App.2001)(`This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.').
"The trial court, however, did not have jurisdiction pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, to split Austin's sentence as it did and order him to serve 10 years in confinement....
"`....'
"... Under § 15-18-8, the trial court could only order Austin to serve a maximum of 5 years in confinement."
864 So.2d at 1117-18. Upon splitting the sentence, the trial court did not have jurisdiction to order Moore to serve 5 years and 6 months in confinement. The trial court could order Moore only to serve a minimum of 3 years or a maximum of 5 years in confinement.
The 20-year sentence itself, i.e., 15 years' imprisonment enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, was within the statutory sentencing range for the Class B felony of unlawful distribution of a controlled substance and was, therefore, a valid sentence. See § 13A-12-211(b) and § 13A-5-6(a)(2), Ala.Code 1975. "Only the manner in which the trial court split the sentence is illegal." Austin, 864 So.2d at 1118.
Therefore, we must remand this case for the circuit court to conduct another sentencing *110 hearing and to reconsider the execution of Moore's 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App. 1992). However, the court may either split the sentence in compliance with § 15-18-8, i.e., ordering no more than 5 years and no less than 3 years in confinement followed by a definite period of probation, or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.
As was the case in Austin, supra:
"We note, however, that the record in this case does not indicate whether Austin's original sentence was part of a plea agreement with the State or whether it was a blind plea. A transcript of the guilty-plea colloquy is not in the record, Austin did not allege in his petition whether his guilty plea was pursuant to an agreement with the State, and neither the State's response to Austin's petition nor the circuit court's order denying the petition indicate whether the plea was part of an agreement. Therefore, it is impossible for this Court to determine whether resentencing Austin will affect the voluntariness of his plea. As we noted in Calloway v. State, 860 So.2d 900 (Ala.Crim.App.2003)(opinion on return to remand and on second application for rehearing), an opinion released today:
"`Rule 14.3(c)(2)(iv), Ala.R.Crim.P., provides that if a trial court rejects a plea agreement, it must "[a]fford the defendant the opportunity to withdraw the defendant's offer to plead guilty." "The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea." Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim.App.1996). See also Ex parte Otinger, 493 So.2d 1362 (Ala.1986); Nelson v. State, 866 So.2d 594 (Ala.Crim.App.2002); Moore v. State, 719 So.2d 269 (Ala.Crim.App. 1998); Clark v. State, 655 So.2d 50 (Ala.Crim.App.1995); and Brown v. State, 495 So.2d 729 (Ala.Crim.App. 1986). The reasoning behind this is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled." Ex parte Otinger, 493 So.2d at 1364, citing Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis omitted [in Calloway]).
"`In this case, the trial court actually accepted the plea agreement and sentenced Calloway in accordance with that agreement. However, the sentence was illegal under § 15-18-8, which prohibits splitting a sentence in excess of 20 years. A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing. That resentencing was, in effect, a rejection of the plea agreement. It is clear from the transcript of the guilty-plea colloquy that the splitting of the 20-year base sentence in Calloway's original sentence was a "part of the inducement or consideration" for Calloway's plea and that when he was resentenced in accordance with this Court's instructions without the sentence being split, he did not receive what he had been promised. Therefore, based on the authority cited above, Calloway should now be allowed to withdraw his plea.' *111 "860 So.2d at 906. If the circuit court determines on resentencing that splitting Austin's sentence is no longer appropriate and that Austin should serve the full 20-year term, and if the original splitting of Austin's sentence was a part of a plea agreement with the State, then resentencing would, in effect, be a rejection of the plea agreement. If that is indeed the case, then the circuit court should allow Austin to withdraw his guilty plea if he requests to do so."
864 So.2d at 1118-19. Similarly, here, we are unable to determine from the record whether Moore's guilty plea was part of a plea agreement with the State. Therefore, the circuit court must also determine on remand if Moore's plea was indeed a part of a plea agreement with the State. If the court determines on resentencing that splitting Moore's sentence is no longer appropriate and that the original splitting of Moore's sentence was a part of a plea agreement with the State, then resentencing would be a rejection of the plea agreement and the circuit court must allow Moore to withdraw his plea if Moore requests to do so.
Based on the foregoing, the circuit court did not err in summarily denying Moore's Rule 32 claim; however, this case is remanded for the circuit court to conduct another sentencing hearing and to reconsider the execution of Moore's 20-year sentence as explained above. Due return should be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand as well as a transcript of the guilty-plea colloquy.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Return to Remand
SHAW, Judge.
In an opinion issued on April 25, 2003, this Court unanimously affirmed the circuit court's summary denial of Henry Alexander Moore's Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the sentence he received for his February 20, 2001, guilty-plea conviction for the unlawful distribution of a controlled substance. See Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003). Moore had been sentenced to 15 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975. The trial court split the 15-year base sentence and ordered Moore to serve 6 months in prison, as well as the 5-year enhanced portion of his sentence in prison; no probation was ordered.
Citing Soles v. State, 820 So.2d 163 (Ala. Crim.App.2001), Moore argued in his petition that his sentence was illegal because, he said, he was entitled to have the five-year enhanced portion of his sentence suspended pursuant to § 15-18-8(a)(1), Ala. Code 1975. We held that the circuit court properly denied Moore's petition because suspension of the sentencing enhancements is discretionary, not mandatory, under Soles and 15-18-8(a)(1).
Although we affirmed the circuit court's summary denial of Moore's petition, we noticed that the execution of Moore's sentence20 years split to serve 5 years and 6 months in prisonwas invalid under § 15-18-8, Ala.Code 1975. The 20-year sentence itself was valid and could not be changed; however, we remanded this case for the circuit court "to conduct another sentencing hearing and to reconsider the execution of Moore's 20-year sentence." 871 So.2d at 109-10.
*112 On May 8, 2003, the circuit court conducted another sentencing hearing and sentenced Moore to 15 years split to serve 3 years' imprisonment followed by 5 years on probation; however, the circuit court omitted the 5-year enhancement, stating: "it appears that the five-year enhancement was not as clearly specified in advance of sentencing as it might have been." (R. 22.) However, "any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction." Anderson v. State, 796 So.2d 1151, 1156 (Ala.Crim.App.2000)(opinion on return to remand). The circuit court, in omitting the five-year enhancement, exceeded its jurisdiction on remand. This Court's original opinion instructed the circuit court that it could not change Moore's 20-year sentence; rather, it was directed to change the execution of that 20-year sentence. The circuit court, therefore, did not have jurisdiction to resentence Moore to 15 years' imprisonment, i.e., to vacate the 5-year enhancement, instead of the 20-year sentence that he had originally received, and the circuit court's action in this regard is void.
Accordingly, we must again remand this case for the circuit court to conduct another sentencing hearing and to again reconsider the execution of Moore's 20-year sentence. As we stated in our original opinion, "[b]ecause the 20-year sentence was valid, the circuit court may not change it." Moore, 871 So.2d at 110. The circuit court is directed to do one of the following: (1) split Moore's 20-year sentence in compliance with § 15-18-8, Ala.Code 1975, i.e., by ordering no more than 5 years in confinement and no less than 3 years in confinement, followed by a definite period of probation, or (2) reinstate the full 20-year sentence without splitting it, if the court determines that splitting the sentence is no longer appropriate. If the court chooses option (2) and reinstates the full 20-year sentence without splitting it, the court, which determined on first remand that the splitting of Moore's original sentence was part of a plea agreement with the State, shall allow Moore to withdraw his plea if Moore requests to do so.
Based on the foregoing, we remand this case to the circuit court for resentencing. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.