SHAW, Judge,
dissenting.
I must disagree with this Court’s opinion issuing the writ of mandamus directing the trial court to vacate its December 13, 2004, order granting Pickett’s motion to reduce the incarceration portion of his split sentence. In issuing the writ, the majority relies on dicta in State v. Gaines, [Ms. CR-03-1201, July 16, 2004] — So.2d - (Ala.Crim.App.2004). I agreed with the majority in Gaines that the execution of Gaines’s sentence was illegal. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003), and Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003). However, I did not join in this Court’s opinion in Gaines; instead, I concurred in the result, stating, in part:
“Here, the trial court sentenced Gaines to 20 years in prison and then split that sentence — ordering two years’ incarceration and two years’ probation. The trial court did not suspend the entire sentence. To me, whether the Legislature, when it amended the Split Sentence Act in 2000, intended for a trial court to have the authority to suspend an entire 20-year sentence begs the issue presented by this petition — whether the Legislature intended to authorize a trial court to split a 20-year sentence and then suspend a part of the incarceration portion of that sentence. Regardless of what the Legislature may have intended as far as the authority to suspend an entire 20-year sentence is concerned, I can find no language in § 15-18-S(c) that would support the conclusion urged by the respondent — that a trial court has the authority to suspend a part of the incarceration portion of a split sentence. The statute says what it says. I cannot read anything more into it.”
— So.2d at -.
Attempting to discern the legislature’s intent with respect to the interaction of § 15-18-8, Ala.Code 1975, and § 15-22-50, Ala.Code 1975, is certainly not without its pitfalls. The majority stated in Gaines that the legislature, when it amended the Act in 2000 without amending § 15-22-50, did not intend for a trial court to have the authority to do what the trial court in this case did, i.e., impose a 20-year split sentence and then suspend the remainder of a legally imposed period of confinement and continue the convicted defendant on probation. However, given the clear language of § 15-18-8(c) and the fact that the legislature must certainly have been aware in 2000 that, without additional restrictive language, § 15-18-8(c) would be applicable to cases involving an imposed sentence of *761 greater than 15 years, but not more than 20 years, it seems far more likely to me that the legislature intended for § 15-18-8(c) to provide the authority for suspending the remainder of the confinement portion of a sentence greater than 15 years, but not more than 20 years, and adjusting the period of probation accordingly.
The legislature’s failure to amend § 15-22-50 in 2000 may, in actuality, have been an oversight, or it may have been intentional. I have no way of knowing. However, even if we assume that the legislature was cognizant of § 15-22-50 when it amended § 15-18-8 in 2000 and that it intentionally declined to amend § 15-22-50 at that time, we should be careful not to read too much into that and necessarily conclude that the legislature did not intend for § 15-18-8 to mean what it clearly says.
The majority acknowledges that the 2000 amendment to § 15 — 18—8(a)(1) clearly extended the authority of a trial court to suspend and probate a sentence greater than 15 years, notwithstanding the fact that there was no corresponding amendment to § 15-22-50 authorizing a court to do so. However, the majority holds that § 15-18-8(c) does not apply to the confinement portion of a split sentence greater than 15 years, but less than 20 years, because to so hold would be inconsistent with § 15-22-50, which grants a trial court authority to order probation only on sentences that do not exceed 15 years. To me, the 2000 amendment to § 15-18-8(a)(1) is no less clear in its expression of legislative intent with respect to a trial court’s authority to suspend and probate a sentence greater than 15 years than is § 15-18-8(c). As noted, it is just as infer-able that the legislature intended for § 15-18-8(c) to provide the authority for suspending and probating the remainder of the confinement portion of a sentence greater than that contemplated by § 15-22-50.
Likewise, although the majority in Gaines placed great weight on a perceived inconsistency between the 2000 amendment to § 15-18-8(a)(l) and § 15-18-8(c), I do not believe that the 2000 amendment to § 15-18-8(a)(l), which limits a trial court’s discretion when the sentence is more than 15 years but less than 20 years, can be argued to be any more facially inconsistent with § 15-18-8(c) than is that part of § 15 — 18—8(a)(1) that limits the trial court’s discretion when the sentence is not more than 15 years. In each instance a minimum period of confinement is contemplated, and in each instance § 15-18-8(c) authorizes the trial court “to suspend that portion of the minimum sentence that remains and place the defendant on probation.”
I must agree with Pickett’s argument that the plain language of § 15-18-8 indicates that the legislature intended to vest a trial court with the discretion to evaluate the progress of a convicted defendant, whether pursuant to an ordinary split sentence or a “reverse split” sentence, so as to provide trial courts with greater flexibility in sentencing and as a step toward alleviating the unnecessary overcrowding of our prisons.[3]
For these reasons, I respectfully dissent/

. I note that the 2000 amendment to § 15-18 — 8(a)(1), codified from Act No. 2000-759, Ala. Acts 2000, originated in the Alabama Senate as an amendment to House Bill 30. As originally introduced in the House of Representatives, House Bill 30 proposed, among *762 other things, to amend § 13A-5-9, Ala.Code 1975, in order to provide more discretion in the sentencing of criminal defendants who had previously been convicted of certain felonies. This strongly suggests to me that the legislature intended for § 15-18-8 to provide trial courts with more, not less, flexibility in sentencing. See Vol. 4, House and Senate Journals, 2000 Regular Session.