WELCH, Judge.
Kenneth Thomas Hicks appeals the circuit court’s decision to revoke his probation. Hicks pleaded guilty on August 16, 2011, to first-degree rape and first-degree sexual abuse of a child under the age of 12. See §§ 13A-6-61 and 13A-6-69.1, Ala. Code 1975. He was sentenced to 20 years’ imprisonment for each conviction. The sentences were split, and Hicks was ordered to serve 18 months in prison followed by 5 years’ probation.
While Hicks was serving the probationary portions of his sentences, a delinquency report was filed alleging that Hicks had violated the terms and conditions of his probation. On August 3, 2012, Hicks filed a pro se motion to vacate his sentences, claiming that he had been illegally sentenced under the Split-Sentence Act. -See § 15-18-8, Ala.Code 1975. The trial court denied the motion. On September 13, 2012, a probation-revocation hearing was held at which Hicks admitted that he had violated the terms and conditions of his probation. Following Hicks’s admission, the trial court revoked Hicks’s probation. This appeal follows.
On appeal, Hicks argues that the circuit court did not have authority under § 15-18-8(a) of the Split-Sentence Act to split his sentences or to impose probation because sexual offenses involving a child are not among those offenses eligible for treatment under the Split Sentence Act- Hicks also cites in support of his position this Court’s recent decision in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), and he argues that he should receive the same relief this Court provided the appellant in that ease. In its brief, the State concedes that Hicks’s sentence is not authorized by law and requests that this case be remanded to the circuit court in accordance with Enfinger.
In Enfinger, the appellant pleaded guilty to sexual abuse of a child less than 12 years old, see § 13A-6-69.1, Ala.Code 1975, and was sentenced as a habitual felony offender to 20 years’ imprisonment. Enfinger’s sentence was split, and he was ordered to time served in the custody of the Sheriff of Baldwin County followed by 3 years’ probation. This Court held that the circuit court did not have the authority under the Split-Sentence Act to split En-finger’s sentence or to impose a term of probation, and, therefore, the circuit court did not have the authority to revoke En-finger’s probation.
In Enfinger this Court stated:
“Section 15-18-8(a), Ala.Code 1975, specifically exempts from the Split-Sentence Act those offenders who have been convicted of ⅛ criminal sex offense involving a child as defined in Section 15-20-21(5).’ Section 15-20-21(5), Ala. Code 1975, defines ‘criminal sex offense involving a child’ as ‘[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.’ Additionally, § 15 — 18—8(b), Ala. Code 1975, specifically precludes the circuit court from imposing a term of probation for offenders convicted of ‘a criminal sex offense involving a child as *340 defined in Section 15-20-21(5), which constitutes a Class A or B felony.’ Thus, the circuit court did not have the authority to either impose a split sentence or to impose a term of probation. See § 15-18-8(a) and (b), Ala.Code 1975. Therefore, the ‘execution of [En-finger’s] sentence is illegal.’ Simmons v. State, 879 So.2d 1218, 1222 (Ala.Crim.App.2003).
“In cases where the circuit court had no authority to impose the Split-Sentence Act, the proper remedy has been to remand the case to the circuit court for that court to remove the split portion of the sentence. See e.g., Simmons, supra (holding that, the circuit court had no authority to split a sentence and remanding the case to the circuit court for that court to set aside the split portion of the sentence), Morris v. State, 876 So.2d 1176 (Ala.Crim.App.2003) (same), Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003) (holding that, although the circuit court had authority to split the sentence, the circuit court split the sentence in an improper manner and remanding the ease to the circuit court for that court to ‘reconsider the execution’ of that sentence). Austin[ v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003) ](same).
“Those cases, however, do not contemplate the specific facts of this case — that is, where the circuit court imposes a split sentence and a term of probation under the Split-Sentence Act when it had no authority to do so and later conducts a probation-revocation hearing at which it revokes a defendant’s probationary term and orders that the defendant serve the remainder of his underlying sentence in prison. Thus, the issue before this Court is whether the circuit court’s improper imposition of the Split-Sentence Act can be remedied by the circuit court’s conducting a probation-revocation hearing and revoking a defendant’s probation.
“As discussed above, because the nature of Enfinger’s guilty-plea conviction exempts him from application of the Split-Sentence Act, the circuit court had no authority to apply the Split^-Sentence Act to Enfinger and no authority to impose a term of probation on Enfinger. See § 15-18-8(a) and (b), Ala.Code 1975. Because the circuit court had no authority to split Enfinger’s sentence or to impose a term of probation, it likewise had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation under § 15-18-8(c), Ala. Code 1975, which provides, in part, that under the Split-Sentence Act the circuit court ‘may revoke or modify any condition of probation or may change the period of probation.’ Because the circuit court had no authority to impose a term of probation or to revoke probation, the circuit court’s order revoking Enfinger’s probation is void.
“Because the circuit court’s probation order is void, the sentence in this ease is analogous to the sentences at issue in Simmons and Morris. Thus, like those cases, we must remand this case to the circuit court for that court to remove the split portion of Enfinger’s sentence, see e.g., Simmons, supra; Morris, supra. To do so, the circuit court must ‘conduct another sentencing hearing and ... reconsider the execution of [Enfinger’s] 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it.’ Austin, 864 So.2d at 1119; Moore, 871 So.2d at 109-10.
“We recognize that the circuit court’s revocation of Enfinger’s probation in this case appears to reach a result that is no different than the result that was obtained in Simmons and Moms — i.e., the probation revocation in essence removed the unauthorized split. Those *341 cases, however, did not involve merely the removal of an improper split. In each of those cases, the circuit court was instructed to consider on remand whether the removal of the split would affect the voluntariness of the defendant’s guilty plea. Further, the circuit court in each case was instructed that, if the defendant moved to withdraw his guilty plea, it should allow the defendant to do so. See Simmons, supra; Morris, 876 So.2d at 1178 (‘Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003).’). To hold that the circuit court can remedy the imposition of an unauthorized split sentence by revoking a defendant’s probation, however, would prevent that defendant from being able to move to withdraw his guilty plea and thus would treat him differently than the defendants in Simmons and Morris were treated — i.e., after the circuit court conducts a resentencing, the defendant would not have the assistance of appointed counsel to move to withdraw his guilty plea under Rule 14.4(e), Ala. R.Crim. P.; instead, an indigent defendant would have to raise, pro se in a Rule 32 petition, the issue that the defendant’s guilty plea was involuntary.
“Furthermore, holding that a circuit court can remedy the imposition of an improper split sentence by revoking a defendant’s probation could lead to an absurd result. For example, a defendant serving a sentence that is improper under the Split-Sentence Act could be charged with violating the terms and conditions of his probation and the circuit court could thereafter revoke that defendant’s probation. On appeal, the defendant could contend that the evidence was insufficient to support the revocation of his probation, and if, after a review of the record, this Court determined that the defendant is, in fact, correct, we would be forced to hold that, although the evidence was insufficient to support the revocation, the imposition of the remainder of his sentence is correct because the circuit court could not have imposed a split sentence. Such a result is unsound and untenable.
“Because the circuit court did not have the authority to revoke Enfinger’s probation, its order revoking Enfinger’s probation is vacated, and this case is remanded to the circuit court for that court to resentence Enfinger in accordance with this opinion.
“Additionally, we note that, although the record indicates that Enfinger was convicted of sexual abuse of a child under 12 as the result of a ‘plea bargain’ (C. 8), the record is unclear as to whether Enfinger’s sentence was part of the plea bargain. Thus, ‘it is impossible for this Court to determine whether resen-tencing [Enfinger] will affect the volun-tariness of his plea.’ Austin, 864 So.2d at 1119. If the split sentence was a term of Enfinger’s ‘plea bargain,’ and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.”
Enfinger, 123 So.3d at 539 (footnote omitted).
In this case, we likewise find that the circuit court did not have the authority under the Split-Sentence Act to split Hicks’s sentences or to impose terms of probation. As stated above, § 15-20-21(5), Ala.Code 1975, exempts offenders who have been convicted of “a criminal sexual offense involving a child as defined in Section 15-20-21(5).” Section 15-20-21(5), Ala.Code 1975, defines “criminal sex offense involving a child” as “[a] conviction *342 for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.’ ” In addition, § 15-18-8(b), Ala.Code 1975, precludes the circuit court from imposing a term of probation for offenders convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.” Hicks’s sentences were illegal because they were imposed following convictions for a sexual offense involving a child less than 12 years of age. Additionally, the sentences were imposed following convictions that involved a child and that constituted a Class A and a Class B felony. See §§ 13A-6-61 (Class A felony) and 13A-6-69.1 (Class B felony).[1] Because the circuit court did not have the authority to sentence Hicks to the split sentences or to impose terms of probation, the circuit court did not have authority to revoke Hicks’s probation; thus, its order revoking Hicks’s probation is void. Enfinger; supra.
As was the case in Enfinger, the record is unclear whether Hicks’s sentences were the result of a plea agreement. Thus, this Court is unable to determine whether resentencing Hicks will affect the voluntariness of his pleas. If the split sentences were the result of any plea agreements and, if Hicks moves to withdraw his guilty pleas, the circuit court should conduct a hearing to determine whether withdrawal of the pleas is necessary to correct a manifest injustice. Enfinger, supra.
Based on the foregoing, the judgment of the circuit court has no effect, and this case is remanded to the circuit court for that court to vacate the sentences and to resentence Hicks in accordance with this opinion. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REMANDED WITH INSTRUCTIONS.*
KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., dissents, without opinion.

. We note that the factual basis underlying the first-degree-rape charge is not a part of the record on appeal; however, the order of probation in the supplemental record contains the words "child victim” following the listed offenses. (S.R.63.) Because Hicks is challenging the legality of both of his sentences and because we read the words "child victim” to describe the victim in both of Hicks’s offenses, we remand both cases for further proceedings. If, however, the first-degree-rape conviction does not involve a child less than 12 years of age, the circuit court should so clarify upon its return to remand.

 Note from the reporter of decisions: On August 23, 2013, on return to remand, the Court of Criminal Appeals affirmed, without opinion.