On Return to Remand,

*

PER CURIAM.
Samuel Brown appeals the revocation of his split sentences imposed by the Montgomery Circuit Court. On June 15, 2000, Brown pleaded guilty to four counts of first-degree burglary, see § 13A-7-5, Ala. Code 1975; four counts of third-degree burglary, see § 13A-7-7, Ala.Code 1975; four counts of first-degree theft of property, see § 13A-8-3, Ala.Code 1975; three counts of second-degree theft of property, see § 13A-8 — 4, Ala.Code 1975; one count of third-degree theft of property, see § 13A-8-5, Ala. Code 1975; and one count of failing to register as a sex offender, see § 13A-11-200, Ala.Code 1975.[1] In case number CC-0(M30, Brown was sentenced as a habitual offender with a weapon enhancement to 20 years in prison, split to serve 5 years in prison. In case numbers CC-00-431, CC-00-432, and CC-00-433, Brown was sentenced as a habitual offender to 15 years in prison, split to serve 3 years in prison. In case numbers CC-00-434, CC-00-435, and CC-00-436, Brown was sentenced as a habitual offender to 15 years in prison, split to serve 3 years in prison. In case numbers CC-00-437 and CC-00-438, Brown was sentenced to 10 years in prison, split to serve 3 years in prison. The sentences were to run consecutively.
On September 30, 2002, Brown appeared before the circuit court for a hearing regarding several prison disciplinaries he had received while incarcerated. Following the hearing, the circuit court revoked Brown’s split sentences and imposed his underlying sentences. It appears from the record that Brown did not appeal from the revocation of his split sentences.
On December 28, 2011, Brown filed a Rule 32 petition challenging the circuit court’s revocation of the split sentences. Specifically, Brown alleged that the circuit court violated his due process rights by revoking the probationary portion of his sentences without first conducting a hearing pursuant to Rule 27, Ala. R.Crim. P. The State conceded that Brown’s revocation hearing was unconstitutional; therefore, the circuit court granted relief and scheduled a new revocation hearing for April 26, 2012. Following the hearing, the circuit court entered a new order revoking the split portion of Brown’s sentences and imposing the underlying sentences. On June 11, 2012, Brown filed his notice of appeal.
On appeal, Brown argued, among other things, that the circuit court erroneously revoked the split portion of his sentences because his split sentences were illegal. Specifically, Brown asserted that his split sentences were illegal because the circuit *1271 court did not include a term of probation for any of his sentences.
This Court determined that the record was unclear regarding whether the circuit court imposed probationary periods on Brown’s split sentences. Consequently, on May 21, 2013, this Court remanded the cause, by order, to the circuit court with instructions for it to make specific findings of fact regarding whether probationary periods had been imposed. The circuit court held a hearing and, thereafter, found that it had not imposed any probationary periods. The circuit court then, in an attempt to remedy the error, imposed a split sentence.
Initially, this Court notes that the circuit court did not have jurisdiction on remand to impose a split sentence. This Court’s remand order permitted the circuit court only to make findings of fact. Accordingly, the decision to impose a split sentence was outside the scope of this Court’s remand and void. See Simmons v. State, 797 So.2d 1134, 1183 (Ala.Crim.App. 1999) (Actions “outside the scope of our remand order [are] void for lack of jurisdiction.”).
Further, § 15-18-8, Ala.Code 1975, provides:
“(a) When a defendant is convicted of an offense, other than a criminal sex offense involving a child as defined in Section 15-20-21(5), [Ala. Code 1975,] which constitutes a Class A or B felony and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.”
(Emphasis added.)
It is well settled that under § 15-18-8, Ala.Code 1975, a circuit court “ ‘can split a sentence only if the defendant is placed on probation for a definite period following the confinement portion of the split sentence.’ ” Moore v. State, 871 So.2d 106, 109 (Ala.Crim.App.2003) (quoting Madden v. State, 864 So.2d 395, 398 (Ala.Crim.App.2002)). See also Hughes v. State, 518 So.2d 890, 891 (AIa.Crim.App. 1987) (“Application of § 15-18-8[, Ala. Code 1975,] necessitates suspension of that portion of the split sentence that is not actual confinement and placement of the convicted defendant on probation for that period.”). Here, the circuit court did not *1272 order Brown to serve probationary periods for his split sentences; therefore, the manner in which Brown was ordered to execute his sentences was illegal. Moore, 871 So.2d at 108.
Addressing a similar situation wherein the circuit court ordered an inmate to serve an illegal split sentence, this Court recently held:
“Initially, we note that, although the legality of Enfinger’s sentence was not first argued in the circuit court, we have held that when the circuit court does not have the authority to split a sentence under the Split Sentence Act, § 15-18-8, Ala.Code 1975, ‘the manner in which the [circuit] court split the sentence is illegal[,]’ Austin v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003), and that ‘[m]atters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Thus, this Court may take notice of an illegal sentence at any time. See e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
“As explained above, Enfinger pleaded guilty to sexual abuse of a child under 12, see § 13A-6-69.1, Ala.Code 1975, and was sentenced, as an habitual felony offender, to 20 years’ imprisonment and that sentence was split and Enfinger was ordered to serve ‘time served in the custody of the Sheriff of Baldwin County, Alabama,’ followed by 3 years’ supervised probation. (Record on Return to Remand, C. 13-15.) The circuit court, however, did not have the authority, under the Split-Sentence Act, § 15-18-8, Ala.Code 1975, to split Enfinger’s sentence or to impose a term of probation.
“Section 15-18-8(a), Ala.Code 1975, specifically exempts from the Split-Sentence Act those offenders who have been convicted of ‘a criminal sex offense involving a child as defined in Section 15-20-21(5).’ Section 15-20-21(5), Ala. Code 1975, defines ‘criminal sex offense involving a child’ as ‘a conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.’ Additionally, § 15-18-8(b), Ala.Code 1975, specifically precludes the circuit court from imposing a term of probation for offenders convicted of ‘a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.’ Thus, the circuit court did not have the authority to either impose a split sentence or to impose a term of probation. See § 15-18-8(a) and (b), Ala.Code 1975. Therefore, the ‘execution of [Enfinger’s] sentence is illegal.’ Simmons v. State, 879 So.2d 1218,1222 (Ala.Crim.App.2003).
“In cases where the circuit court had no authority to impose the Split-Sentence Act, the proper remedy has been to remand the case to the circuit court for that court to remove the split portion of the sentence. See e.g., Simmons, supra (holding that, the circuit court had no authority to split a sentence and remanding the case to the circuit court for that court to set aside the split portion of the sentence), Morris v. State, 876 So.2d 1176 (Ala.Crim.App.2003) (same); cf., Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003) (holding that, although the circuit court had authority to split the sentence, the circuit court split the sentence in an improper manner, and remanding the case to the circuit court for that court to ‘reconsider the execution’ of the sentence), Austin, supra (same).
“Those cases, however, do not contemplate the specific facts of this case — that is, where the circuit court imposes a split sentence and a term of probation under the Split-Sentence Act when it *1273 had no authority to do so and later conducts a probation-revocation hearing at which it revokes a defendant’s probationary term and orders that the defendant serve the remainder of his underlying sentence in prison. Thus, the issue before this Court is whether the circuit court’s improper imposition of the Split-Sentence Act can be remedied by the circuit court’s conducting a probation-revocation hearing and revoking a defendant’s probation.
“As discussed above, because the nature of Enfinger’s guilty-plea conviction exempts him from application of the Split-Sentence Act, the circuit court had no authority to apply the Split-Sentence Act to Enfinger and no authority to impose a term of probation on Enfinger. See § 15-18-8(a) and (b), Ala.Code 1975. Because the circuit court had no authority to split Enfinger’s sentence or to impose a term of probation, it likewise had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation under § 15-18-8(c), Ala. Code 1975, which provides, in part, that under the Split-Sentence Act the circuit court ‘may revoke or modify any condition of probation or may change the period of probation.’ Because the circuit court had no authority to impose a term of probation or to revoke probation, the circuit court’s order revoking Enfinger’s probation is void.
“Because the circuit court’s probation order is void, the sentence in this case is analogous to the sentences at issue in Simmons and Morris. Thus, like those cases, we must remand this case to the circuit court for that court to remove the split portion of Enfinger’s sentence, See e.g., Simmons, supra; Morris, supra. To do so, the circuit court must ‘conduct another sentencing hearing and ... reconsider the execution of [Enfinger’s] 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it.’ Austin, 864 So.2d at 1119; Moore, 871 So.2d at 109-10.
“We recognize that the circuit court’s revocation of Enfinger’s probation in this case appears to reach a result that is no different than the result that was obtained in Simmons and Morris — i.e., the probation revocation in essence removed the unauthorized split. Those cases, however, did not involve merely the removal of an improper split. In each of those cases, the circuit court was instructed to consider on remand whether the removal of the split would affect the voluntariness of the defendant’s guilty plea. Further, the circuit court in each case was instructed that, if the defendant moved to withdraw his guilty plea, it should allow the defendant to do so. See Simmons, supra; Morris, 876 So.2d at 1178 (‘Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2008).’). To hold that the circuit court can remedy the imposition of an unauthorized split sentence by revoking a defendant’s probation, however, would prevent that defendant from being able to move to withdraw his guilty plea and thus would treat him differently than the defendants in Simmons and Morris were treated — i.e., after the circuit court conducts a resentencing, the defendant would not have the assistance of appointed counsel to move to withdraw his guilty plea under Rule 14.4(e), Ala. R.Crim. P.; instead, an indigent defendant would have to raise, pro se in a Rule 32 petition, the issue that the defendant’s guilty plea was involuntary.
“Furthermore, holding that a circuit court can remedy the imposition of an *1274 improper split sentence by revoking a defendant’s probation could lead to an absurd result. For example, a defendant serving a sentence that is improper under the Split-Sentence Act could be charged with violating the terms and conditions of his probation and the circuit court could thereafter revoke that defendant’s probation. On appeal, the defendant could contend that the evidence was insufficient to support the revocation of his probation, and if, after a review of the record, this Court determined that the defendant is, in fact, correct, we would be forced to hold that, although the evidence was insufficient to support the revocation, the imposition of the remainder of his sentence is correct because the circuit court could not have imposed a split sentence. Such a result is unsound and untenable.
“Because the circuit court did not have the authority to revoke Enfinger’s probation, its order revoking Enfinger’s probation is vacated, and this case is remanded to the circuit court for that court to resentence Enfinger in accordance with this opinion.
“Additionally, we note that, although the record indicates that Enfinger was convicted of sexual abuse of a child under 12 as the result of a ‘plea bargain’ (C. 8), the record is unclear as to whether Enfinger’s sentence was part of the plea bargain. Thus, ‘it is impossible for this Court to determine whether resen-tencing [Enfinger] will affect the volun-tariness of his plea.’ Austin, 864 So.2d at 1119. If the split sentence was a term of Enfinger’s ‘plea bargain,’ and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.”
Enfinger v. State, 123 So.3d 535, 539 (Ala. Crim.App.2012) (footnote omitted).
Similarly, Brown pleaded guilty and was improperly ordered to serve split sentences wherein the circuit court did not order Brown to serve any terms of probation. “The trial court did not have jurisdiction to split [Brown’s] sentenced] without ordering ... probationary period[s] to follow the confinement portion of the sentenced.” Moore, 871 So.2d at 109. Because the circuit court did not have jurisdiction to split Brown’s sentences in the manner in which it did, the circuit court did not have the authority to revoke the split sentences. Accordingly, the circuit court’s order revoking the split portion of Brown’s sentences is reversed and the cause is remanded with instructions for the circuit court to resentence Brown in accordance with this opinion.[2]
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS. **
WELCH, KELLUM, and BURKE, JJ., concur.
JOINER, J., concurs in the result, with opinion. WINDOM, P.J., dissents.

 Note from the reporter of decisions: On May 21, 2013, the Court of Criminal Appeals remanded diis case by order.

. Section 13A-11-200, Ala.Code 1975, was repealed on July 1, 2011, by Act No. 2011-640, § 49, Ala. Acts 2011.

. Brown must be afforded counsel during his resentencing.

 Note from the reporter of decisions: On December 13, 2013, on return to second remand, the Court of Criminal Appeals dismissed the appeal, without opinion.